## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 06 2020, 11:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Devon Buchanan,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff,*

August 6, 2020

Court of Appeals Case No.
19A-CR-2226

Appeal from the Marion Superior
Court

The Honorable Jeffrey L. Marchal,
Magistrate

Trial Court Cause No.
49G06-1808-F1-25306

**Robb, Judge.**

# Case Summary and Issue

[1] Following a jury trial, Devon Buchanan was convicted of child molesting, a Level 1 felony. Buchanan appeals his conviction and raises one issue for our review: whether the trial court abused its discretion in excluding evidence that Buchanan cooperated with law enforcement. Concluding it did not, we affirm.

# Facts and Procedural History

[2] T.J. ("Mother") is the mother of L.J. In 2015, L.J. and her two siblings, D.L. and C.J., lived with and were cared for by their maternal grandmother, L.D. ("Grandmother"), who adopted them in September 2015 or 2016.

[3] In August 2015, Mother and her boyfriend, Buchanan, had a son; L.J. was six years old at the time. The couple lived in a small two-bedroom apartment in Indianapolis with their child. Although Grandmother cared for L.J. and her siblings full time, they would occasionally stay overnight at Mother and Buchanan's apartment when Grandmother had to work and could not secure a babysitter. During the overnight visits, L.J. and her siblings would sleep on the couches in the living room while Mother and Buchanan would sleep in their bedroom with the baby. From August to December 2015, the children stayed overnight with Mother and Buchanan about three times.

[4] Three or four times during these visits, Buchanan woke L.J. up in the middle of the night and told her to follow him into the kitchen. Once they were in the kitchen, Buchanan instructed L.J. to get on her knees, pulled his pants down,

and told her to suck his penis. Buchanan used his hands to move L.J.'s head back and forth while his penis was in her mouth. On one occasion, Buchanan ejaculated in L.J.'s mouth. Buchanan told her, "don't tell nobody and go to sleep." Transcript of Evidence, Volume 2 at 150. L.J. went back into the living room and went to sleep. L.J. did not tell anyone about the abuse.

[5] Three years later, in February 2018, L.J. disclosed the incidents to a classmate at school. Grandmother received a phone call from L.J.'s school informing her of the allegations. Grandmother picked L.J. up from school and drove to a parking lot to talk. When Grandmother picked L.J. up, "she was happy until [Grandmother] relayed the message that [she] got from school. Then her demeanor turned sad." *Id.* at 137. After the conversation, Grandmother reported the incident to the police and took L.J. to the Child Advocacy Center where she was interviewed by Jill Carr, a forensic child interviewer. During the interview, L.J. disclosed the sexual abuse to Carr.

[6] On April 20, 2018, Nicolle Flyn, a detective with the Indianapolis Metropolitan Police Department, interviewed Buchanan.[1] At the time, Buchanan was already incarcerated at Miami Correctional facility where he was serving time for an armed robbery conviction. Buchanan provided an audio recorded statement and denied the allegations.

---

[1] Prior to the interview, Detective Flyn advised Buchanan of his rights. Buchanan indicated he understood and agreed to waive those rights.

[7]     On August 2, the State charged Buchanan with child molesting, a Level 1 felony. Before trial, the State filed a motion in limine to prevent:

> Any reference to or elicitation of testimony by defense counsel of any statement of [Buchanan], except through [Buchanan] should he choose to testify, as such testimony constitutes self-serving hearsay. Additionally, any mention that [Buchanan] did give a statement as the statement without content is irrelevant.

Appellant's Appendix, Volume II at 71. At Buchanan's jury trial on August 8, 2019, there were two discussions concerning the State's motion in limine and Buchanan's desire to elicit testimony from Flyn that he cooperated and provided a statement.

[8]     First, before voir dire, the trial court granted the State's motion in limine, in pertinent part. *See* Tr., Vol. 2 at 12. Defense counsel sought to clarify the issue and argued that he should be allowed to ask Flyn if Buchanan voluntarily gave a statement as that would prove that "he attempted to cooperate in the investigation." *Id.* at 17. At the time, Buchanan had not decided whether he would testify. The State responded that it did not intend to show that Buchanan failed to cooperate in the investigation and did not intend to play the audio recording of the statement because Buchanan did not make any admissions it felt were necessary to play for the jury. *See id.* at 18. The State argued the proposed questioning constituted inadmissible bolstering of the defendant. The trial court asked the parties for case law and declined to make a ruling until it heard evidence.

[9] Later in the trial, before Flyn was called to testify and outside the presence of the jury, defense counsel raised the issue again by stating that he planned to ask Flyn on cross examination whether she or another detective interviewed Buchanan, whether they advised him of his rights, and whether he cooperated and spoke with them. However, defense counsel did not plan to ask about the content of the interview and reiterated his position that the fact that Buchanan gave a statement was relevant. *See id.* at 177. The State argued the fact he gave a statement was irrelevant and would improperly bolster Buchanan, namely showing "his cooperation and that he had nothing to hide" but "leaving it out there that he gave a statement without any comment on it, is misleading to the jury and it's going to be something they consider." *Id.* at 179.

[10] The trial court decided to prohibit the defense from asking the proposed questions because the fact that Buchanan made a statement to law enforcement "in and of itself, does not pass a relevancy test under [Evidence] Rule 401, as that fact doesn't tend to prove or disprove any fact at issue in this case." *Id.* at 180. Instead, "what the defense wants is for the jury to speculate as to the contents of the statement, essentially throw out there that our guy made a statement, but know that we're not going to get into the contents of that statement." *Id.*[2] The trial court allowed the defense to make an offer of proof, but still maintained its ruling that the line of questioning was inadmissible. *See*

_____

[2] The trial court also noted that "assuming that the State doesn't mention this statement in any way on direct, that question would be outside the scope of direct examination." *Id.*

*id.* at 182-84. After the State rested, Buchanan voluntarily testified during which the jury learned he was incarcerated for an armed robbery conviction. And Buchanan testified that when Detective Flyn came to see him, he "was free, willing and open to speak to her about" the allegations. *Id.* at 220. Buchanan testified that he did not molest L.J. and that he denied the allegations in his interview with Detective Flyn.

[11] Ultimately, the jury found Buchanan guilty as charged and the trial court sentenced him to thirty-five years, with twenty-four years to be executed in the Indiana Department of Correction and the remaining eleven years suspended to probation. Buchanan now appeals.

# Discussion and Decision

## I. Standard of Review

[12] Our standard of review in this area is well settled. We review the admission or exclusion of evidence for an abuse of discretion. *Troutner v. State*, 951 N.E.2d 603, 611 (Ind. Ct. App. 2011), *trans. denied*. An abuse of discretion occurs when a trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Iqbal v. State*, 805 N.E.2d 401, 406 (Ind. Ct. App. 2004).

## II. Exclusion of Evidence

[13] Buchanan argues the fact that he gave a statement to law enforcement was "relevant for the jury to learn about [his] cooperation at the most important step

in the investigation." Appellant's Brief at 12. He claims, "If the jury would have learned that he cooperated after L.J. accused him, the jury could have considered whether this cooperation made it less likely that he was the perpetrator." *Id.* (record citations omitted). We disagree.

[14] "Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Ind. Evidence Rule 401. Relevant evidence is admissible; irrelevant evidence is not. Evid. R. 402. And a trial court has wide discretion in determining whether evidence is relevant. *Snow v. State*, 77 N.E.3d 173, 176 (Ind. 2017). Even if a trial court erroneously excludes evidence, reversal is only required if the error relates to a material matter or substantially affects the rights of the parties. *Hill v. State*, 51 N.E.3d 446, 450 (Ind. Ct. App. 2016). "In other words, we will find an error in the exclusion of evidence harmless if its probable impact on the jury, in light of all of the evidence in the case, is sufficiently minor so as not to affect the defendant's substantial rights." *Barnhart v. State*, 15 N.E.3d 138, 143 (Ind. Ct. App. 2014).

[15] Here, the only issue in this case was whether Buchanan, a person at least twenty-one years of age, performed or submitted to other sexual conduct with L.J., a child under fourteen years of age. *See* Appellant's App., Vol. 2 at 25; *see also* Ind. Code § 35-42-4-3(a)(1). During trial, the State never claimed that Buchanan was uncooperative during the investigation. In fact, the State explicitly indicated it had no intention of trying to show he failed to cooperate. As such, the fact that Buchanan cooperated with law enforcement by providing

a statement standing alone, without reference to the content, does not tend to prove or disprove any fact at issue in the case. Therefore, this fact is irrelevant and inadmissible, and the trial court did not abuse its discretion in excluding such evidence.[3]

[16] Assuming *arguendo* the trial court did abuse its discretion, we cannot conclude that Buchanan's substantial rights were affected. Buchanan argues the error in excluding testimony of his cooperation was not harmless because "in order to present his defense, [he] had to testify" resulting in the jury learning that "he was [an] armed robber serving prison time which likely had more impact on the jury than only learning he was [T.J.'s] boyfriend[.]" Appellant's Br. at 14-15 (record citations omitted). However, as discussed above, the fact that Buchanan provided a statement is not relevant to or persuasive of any fact at issue in the case. Therefore, the exclusion thereof had little to no probable impact on the jury and did not affect Buchanan's substantial rights. *See Barnhart*, 15 N.E.3d at 143.

[17] In sum, the fact that Buchanan provided a statement to law enforcement was irrelevant and inadmissible, and the trial court did not abuse its discretion in

---

[3] Buchanan also argues that his cooperation was relevant and admissible as "course of investigation" evidence. Buchanan then quotes an excerpt from the transcript allegedly demonstrating that the State argued Buchanan's statement was not course of investigation evidence "while also arguing other information was admissible for that very reason." *See* Appellant's Br. at 13. Buchanan fails to develop a cogent argument with respect to this theory and it is therefore waived. *See* Ind. Appellate Rule 46(A)(8)(a) ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning [and] supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on[.]").

excluding it. And even if the trial court abused its discretion, such error was harmless.

# Conclusion

[18] The trial court did not abuse its discretion in excluding testimony of Buchanan's cooperation with law enforcement as it was not relevant and therefore, was inadmissible. Accordingly, we affirm.

[19] Affirmed.

May, J., and Vaidik, J., concur.